IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYLER L. MILTON,

                    Plaintiff,

        v.                                                OPINION and ORDER

FREDERICK FREITAG,[1]                                     25-cv-127-jdp

                    Defendant.

---

Plaintiff Tyler L. Milton, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Milton alleges that a doctor there, defendant Frederick Freitag, failed to get him proper medical treatment after he swallowed a pen insert. I granted Milton leave to proceed on Eighth Amendment and Wisconsin-law medical negligence claims against Freitag.

Freitag moves for summary judgment. Based on the facts presented by the parties, no reasonable jury could conclude that Freitag consciously disregarded Milton's condition. So I will grant Freitag's summary judgment motion and dismiss the case.

### UNDISPUTED FACTS

The following facts are drawn from the parties' proposed findings of fact and other materials submitted at the summary judgment stage.

Plaintiff Tyler Milton is incarcerated at Columbia Correctional Institution. Defendant Frederick Freitag worked there as a physician.

---

[1] I have amended the caption to reflect defendant's full name as provided in his filings.

On September 19, 2024, Milton harmed himself by swallowing a pen insert, which Milton describes as a metal pen tip connected to a plastic tube. Milton was seen by a nurse. He states that the nurse told him that she would notify Freitag. But Milton's medical records do not show that this information was transmitted to advanced care providers and Freitag states that he didn't become aware of this incident until more than a week later. Milton also states that multiple nurses told him either that they would tell Freitag or that he was already aware of the incident, but he doesn't support that proposed finding with any admissible evidence, so I will disregard that statement.

Milton states that he suffered continuing pain from the pen insert remaining in his stomach. Over the next week and a half Milton filed multiple health service requests about his stomach and other issues, but in those requests he did not say that he was in pain.

Freitag states that he was first informed about Milton having swallowed the pen insert on September 30, 2024, and he immediately ordered an X-ray. The X-ray was taken on October 1. The X-ray showed a 1.3 centimeter metallic foreign body in the left upper quadrant of Milton's abdomen. Freitag believed that conservative treatment was appropriate because an object that size would typically pass through the intestines and out of the body without harming a person or the need for medical intervention.

On October 2, 2024, Freitag received an email from another medical staffer stating that Milton complained of pain. Freitag replied to the email, stating that medical staff should monitor Milton's condition. By this point Milton had been prescribed ibuprofen for pain. Also on October 2, Milton submitted health service requests complaining about the pen insert still being stuck in his stomach and that he was suffering pain from it. The Health Services Unit marked these requests received on October 3.

On October 3, Milton reported coughing up blood and he was sent to the emergency room. (Freitag states that he was working from home that day; I take him to be saying that another medical staffer made the decision to send him to the hospital).

At the hospital, Milton reported that he had ingested a ballpoint pen insert that he had folded in half and taped the ends together. An abdominal CT scan showed an object appearing to perforate Milton's stomach. An endoscopy was performed the next day, removing the object. No perforation was seen on imaging.

I will discuss additional facts as they are relevant to the analysis.

ANALYSIS

Milton alleges that Freitag knew that he suffered severe pain from the pen insert in his stomach and did nothing to help him and then refused to send him to the hospital after his X-ray results showed the foreign object in his stomach. I granted Milton leave to proceed against Freitag on an Eighth Amendment claim and on a Wisconsin-law medical negligence claim.

## A.  Eighth Amendment

I'll start with Milton's Eighth Amendment claim. The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities,

*Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The first aspect of Milton's Eighth Amendment claim is his allegation that Freitag knew that he suffered severe pain from the pen in his stomach and did nothing to help him. Freitag states that he didn't know about the September 19 incident until September 30, and he immediately ordered an X-ray. Milton asserts that Freitag knew that he had swallowed the pen soon after he did it yet failed to order an X-ray or take any other action until September 30. But Milton doesn't support this assertion with any admissible evidence. In his declaration he states that Freitag "was made aware" of the incident but he doesn't provide any evidence showing how he has personal knowledge of that happening. He provides unsworn statements that nurses told him that they notified Freitag, but he doesn't produce any evidence showing that; rather, Milton's medical records do not show that Freitag was notified, much less that Freitag knew that Milton was in pain. Without any evidence that Freitag was aware of Milton's condition, no reasonable jury could find for Milton on this aspect of his Eighth Amendment claim. So I will grant summary judgment to Freitag on this portion of Milton's claim.

The undisputed facts show that on September 30, 2024, Freitag became aware that Milton had swallowed a pen insert and ordered an X-ray, which Milton received the next day.

4

The second part of Milton's claim concerns Freitag's actions after receiving the X-ray results showing a 1.3 centimeter metallic object in his abdomen. Freitag did not send Milton to the emergency room; instead he concluded that conservative treatment was appropriate given the small size of the object and likelihood that it would pass through Milton's system without requiring a procedure.

Milton contends that the decision to monitor him showed that Freitag consciously disregarded his condition because Freitag knew that he was in pain and also knew that the object wasn't going to pass through his system at least in part because it had already been about two weeks and because the object was larger than 1.3 centimeters—Milton asserts that the plastic-tube part of the insert didn't show up on the X-ray.

Nonetheless, no reasonable jury could conclude that Freitag consciously disregarded Milton's condition. There isn't any indication that Freitag was aware of Milton's complaints of pain until the day after the X-ray, from emails between medical staff. *See* Dkt. 32-1, at 6 (stating that Milton was "complaining of pain"). Freitag instructed staff to monitor the situation. Milton's medical records show that by this point he was receiving ibuprofen for pain. Those facts do not suggest that Freitag let Milton languish in pain or otherwise disregarded Milton's escalating symptoms.

That leaves Milton's argument that Freitag should have immediately sent him to the emergency room instead of monitoring him because the object had not passed through his system in 14 days and the object was bigger than the X-ray reported. Nothing in the hospital records indicates a measurement of the object after it was removed from Milton's stomach. But for purposes of this opinion, I will assume that the plastic tube might not show up on an X-ray and thus the object may have been larger than 1.3 centimeters. Even so, the only reasonable

inference from these facts is that Freitag exercised his medical judgment in choosing to monitor the situation and treat Milton with pain medication rather than immediately sending him to the emergency room. Whether Freitag's decision was wise might be a medical malpractice question, but it is not enough for a reasonable jury to conclude that Freitag violated the Eighth Amendment, so I will grant summary judgment to Freitag on Milton's Eighth Amendment claim.

### B. Wisconsin-law medical negligence

Milton also brings a Wisconsin-law medical negligence claim against Freitag. The court has supplemental jurisdiction over that claim under 28 U.S.C. § 1367(a), which permits a federal district court to hear a state-law claim if it is related to a federal claim in the same action. Milton doesn't allege any other basis for federal jurisdiction over the state-law claim. Absent unusual circumstances, district courts will relinquish supplemental jurisdiction over state-law claims if all federal claims have been resolved before trial. *Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 352 (7th Cir. 2019). Neither party identifies any unusual circumstances that would justify retaining jurisdiction over Milton's state-law claim. I will decline to exercise subject matter jurisdiction over this claim.

Milton may refile this claim in state court, subject to the applicable Wisconsin statute of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

ORDER

IT IS ORDERED that:

1.  Defendant's motion for summary judgment, Dkt. 29, is GRANTED.

2.  Plaintiff's state-law claim is DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

3.  The clerk of court is directed to enter judgment accordingly and close the case.

Entered August 7, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge